**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONNIE DAVIS III,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>M. REYNOSO, STG Investigation, sued in their individual capacity; A. PENNYWELL, STG Investigation, sued in their individual capacity,<br><br>    Defendants-Appellees. | No. 17-56076<br><br>D.C. No. 2:15-cv-07963-CJC-SK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 19, 2019[**]

Before:  FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

California state prisoner Sonnie Davis, III, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

violations in connection with his gang validation. We have jurisdiction under 28

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).

*Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018).  We affirm.

The district court properly dismissed Davis's action because Davis failed to allege facts sufficient to show that his gang validation was not supported by "some evidence."  *Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013) (the "some evidence" standard requires the court to ask only "whether there is any evidence in the record that could support the conclusion" (emphasis, citation, and internal quotation marks omitted)); *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (explaining the due process requirements for gang validation in the prison context).

We do not consider Davis's contentions regarding an alleged Eighth Amendment violation because Davis voluntarily dismissed that claim in the district court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

17-56076